IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 24-2754** |
| | : | |
| **ALLENTOWN POLICE** | : | |
| **DEPARTMENT,** *et al.* | : | |

**MEMORANDUM**

**MURPHY, J.**                                                                                                           **July 22, 2024**

Lindell Moore has filed a new civil action following the dismissal with prejudice of two prior cases, *Moore v. Russell*, No. 23-1900 ("*Moore I*") and *Moore v. Martin*, No. 23-4410 ("*Moore II*") naming some of the same defendants. Mr. Moore also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Moore leave to proceed *in forma pauperis* and dismiss the case.

**I.     PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**[1]

In *Moore I*, Mr. Moore filed a complaint under 42 U.S.C. § 1983 in which he claimed that he was wrongfully incarcerated in a Lehigh County Prison ("LCP") in May 2023 for violating a Protection From Abuse ("PFA") order. He sued two police officers, Dakota Martin and Merveille Mvindu,[2] who obtained warrants for his arrest, two LCP counselors who allegedly

---

[1] Unless otherwise stated, the factual allegations set forth in this Memorandum are taken from Mr. Moore's complaint in the new civil action (No. 24-2754, DI 2). The court adopts the sequential pagination assigned to the complaint by the CM/ECF docketing system.

[2] Defendant Mvindu's name is spelled incorrectly on the docket of No. 24-2754. Mvindu is clearly the same individual Mr. Moore named in *Moore I* and *Moore II*. Our order directs the clerk to correct the spelling.

ignored his complaints of wrongful incarceration, and LCP Warden Kyle Russell and Deputy Warden McFadden.  The court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed it in its entirety because Mr. Moore failed to (1) assert a plausible claim against either counselor, (2) allege facts showing that the arrest warrants were not supported by probable cause, and (3) allege facts showing how Russell and McFadden were personally involved in any possible constitutional violations.  *See Moore v. Russell*, No. 23-1900, 2023 WL 5517568, at *1 (E.D. Pa. Aug. 25, 2023).  The court dismissed without prejudice all claims against the defendants (save for the claim against one of the counselors, which was dismissed with prejudice), and Mr. Moore was given leave to correct the deficiencies in the claims dismissed without prejudice.  *Id.*  Mr. Moore's amended complaint failed to cure any of the defects the court had identified, and *Moore I* was dismissed with prejudice in a Memorandum and Order on August 25, 2023.  *Id.* at *6.

*Moore II* was filed on November 23, 2023, based on essentially the same events.  In screening the amended complaint in *Moore II*,[3] Mr. Moore's false arrest claims against Martin and Mvindu were dismissed because Mr. Moore again failed to allege that the officers lacked probable cause to conclude that he violated the PFA order by making two arrests in January and February, 2023.[4]  *See Moore v. Martin*, No. 23-4410, 2023 WL 8773628, at *3 (E.D. Pa. Dec.

---

[3] Mr. Moore initiated the case by submitting an application to proceed *in forma pauperis* with no complaint.  No. 23-4410, DI 1.  In an order filed on November 15, 2023, No. 23-4410, DI 2, Mr. Moore was directed to file a complaint if he sought to proceed with the case.  On December 15, 2023, Mr. Moore filed a pleading designated as a "Amended Complaint" even though it was the initial pleading in the case.

[4] Mr. Moore's renewed claims against Warden Russell and Deputy Warden McFadden, who are not named in this case, were dismissed in *Moore II* because Mr. Moore asserted no facts indicating how they were personally involved in the incidents he described about being arrested for violating the PFA order.

19, 2023). Mr. Moore was granted leave to file another amended complaint if he could cure the defects the court identified in his various claims. Mr. Moore later returned with a third amended complaint,[5] No. 23-4410, DI 9 ("TAC"), in which he again named Martin and Mvindu as defendants. In a Memorandum and Order filed on March 1, 2024, the court dismissed the TAC but granted Mr. Moore one final opportunity to amend. *See Moore v. Martin*, No. 23-4410, 2024 WL 897580 (E.D. Pa. Mar. 1, 2024). When he failed to file an amended pleading within the allotted time, a final order that dismissed the case with prejudice for failure to state a claim was entered on April 24, 2024. No. 23-4410, DI 12.

In his new case, Mr. Moore names as defendants the Allentown Police Department, along with Martin and Mvindu, and asserts claims based on his arrests for violating the PFA order. Although *Moore I* and *Moore II* have been dismissed with prejudice, Mr. Moore reasserts the same brief and undeveloped facts in his new complaint.[6] He names the Allentown Police

---

[5] After the amended complaint was dismissed, Mr. Moore filed a pleading, No. 23-4410, DI 7, that was not entirely visible on the Court's CM/ECF docketing system — though Mr. Moore intended it to be his revised pleading. Although typewritten, there were several entries on the form Mr. Moore used that were cut off so that the complete information he wanted to present to the court was not visible. In an order filed in on February 2, 2024, No. 23-4410, DI 8, Mr. Moore was directed to resubmit the pleading as a third amended complaint, which he did on February 22, 2024.

[6] In *Moore I*, Mr. Moore alleged that on January 31, 2023, Officer Mvindu had obtained a warrant for his arrest for violating a PFA order. The following day, Officer Martin secured the same warrant. Thereafter, a non-defendant officer attempted to arrest Mr. Moore by going to 424 Tilghman Street in Allentown, but apparently could not arrest him there. Mr. Moore alleged he was ultimately arrested on the warrant while he was attending a trial in the Lehigh County Courthouse on May 4, 2023. *Moore I*, 2023 WL 5517568, at *1.
In the TAC in *Moore II*, Mr. Moore asserted that his Fourth Amendment rights were violated when he attended a custody hearing and was arrested and sent to the Lehigh County Jail for a week for violating a PFA order "although no order of that magnitude ever existed." *Moore II*, DI 9 at 3. He claimed that in or about December 2023, Defendant Mvindu was granted a warrant to arrest Mr. Moore. *Id*. A couple of days later, Defendant Martin allegedly was "granted the same." *Id*. In the earlier version of the pleading that contained cut off material, the allegations that were visible included assertions that both Mvindu and Martin allegedly lacked

3

Department, as well as Martin and Mvindu in their individual and official capacities. DI 2 at 2. He asserts claims for "racial discrimination," *id*. at 3, and asserts that both officers "in a matter of 2 days, or so, obtained frivolous warrants for [p]laintiff's arrest when there was no evidence of any crime." *Id*. at 4. The two arrests, the first of which here alleged — perhaps in error — to have occurred on January 27, 2022, rather than on January 31, 2023, and the second of which occurred on February 1, 2023, reportedly happened at Washington Elementary School after Martin and Mvindu were dispatched there in response to information provided by the school. *Id*. Mr. Moore asserts that the "'evidence' was not sufficient enough to further investigate [but Martin and Mvindu] obtain[ed] frivolous warrants for [his] arrest, and in doing so, plaintiff (and his wife of 20 yrs.) [were] evicted from the room they rented," and Mr. Moore lost his job. *Id*. He asserts in conclusory terms only that Martin and Mvindu acted due to harassment. *Id*. He seeks money damages. *Id*. at 5.

## II.  STANDARD OF REVIEW

The court grants Mr. Moore leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires us to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (applying *Ashcroft v. Iqbal*). "At this early

---

probable cause to secure arrest warrants, DI 7 at 5, but those allegations were not included in the TAC.

stage of the litigation, [the court] accept[s] the facts alleged in [the *pro se*] complaint as true, draw[s] all reasonable inferences in [the plaintiff's] favor, and ask[s] only whether [the] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quotations omitted). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Mr. Moore is proceeding *pro se*, we construe his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III.   DISCUSSION

We understand Mr. Moore to raise claims for racial discrimination and harassment, and possibly constitutional claims for false arrest and false imprisonment. His claims cannot proceed. *Moore I* was dismissed with prejudice. When Mr. Moore failed to file another amended pleading in *Moore II* after being warned that his failure to do so would be construed as his intent to stand on his dismissed TAC, that case was also dismissed with prejudice. Mr. Moore's attempt to reassert claims against the Allentown Police Department,[7] Martin, and Mvindu are now barred by the doctrine of claim preclusion.

"Claim preclusion — which some courts and commentators also call *res judicata* — protects defendants from the risk of repetitious suits involving the same cause of action once a court of competent jurisdiction has entered a final judgment on the merits." *Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted). Claim preclusion prevents parties from raising issues that could have been raised and decided in a prior case regardless of whether

---

[7] While a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality). The Court will liberally construe Mr. Moore's Complaint to raise a claim against the City of Allentown, in place of the Allentown Police Department, in conducting the screening of the complaint.

5

those issues were litigated. *Id.* In other words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that the plaintiff brought in the first action, but also to any claims the plaintiff could have asserted in the previous lawsuit." *Id.* at 231-32. "Claim preclusion similarly reaches theories of recovery: a plaintiff who asserts a different theory of recovery in a separate lawsuit cannot avoid claim preclusion when the events underlying the two suits are essentially the same." *Id.* at 232; *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010) ("Rather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the *essential similarity* of the underlying events giving rise to the various legal claims.") (quoting *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983-84 (3d Cir. 1984)).

Three elements are required for claim preclusion to apply: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Marmon Coal Co. v. Dir., Office Workers' Compensation Programs*, 726 F.3d 387, 394 (3d Cir. 2013) (quotations omitted). "A dismissal under the *in forma pauperis* statute . . . qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim." *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (per curiam). "With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; we may also look beyond the complaint to public records, including judicial proceedings." *Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 n.3 (3d Cir. 2017); *see also Gimenez*, 202 F. App'x at 584 (observing that "[r]es judicata is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

Notwithstanding the obviously erroneous date Mr. Moore provides for one of the underlying arrests, it is clear from the face of his new complaint that he seeks to name the same

parties[8] and assert the same cause of action based on his arrests for violating the PFA order that were dismissed with prejudice in *Moore I* and *Moore II*. Thus, all three elements of claim preclusion are present, and Mr. Moore may not proceed with his new case. This remains true even though Mr. Moore has included additional conclusory terms such as "racial discrimination" and "harassment" in his new complaint since the specific legal theory invoked in the new case is immaterial if the underlying events giving rise to the various legal claims are the same. *Sheridan*, 609 F.3d at 261. Because the new case is premised on the same underlying events, namely Mr. Moore's arrests by Martin and Mvindu for violating the PFA order, the case must be dismissed with prejudice. An appropriate order will be filed separately.[9]

---

[8] Courts have found privity to exist for purposes of claim preclusion where there is an employer-employee relationship between defendants. *See Salerno v. Corzine*, 449 F. App'x 118, 122-23 (3d Cir. 2011) (affirming dismissal on claim preclusion grounds and finding "ample grounds to find the privity requirement satisfied" where newly named defendants and defendants in first suit "advance common goals as agents of a single employer"). Accordingly, claim preclusion applies to Mr. Moore's claims against the City of Allentown/Allentown Police Department as well as Martin and Mvindu.

[9] Should Mr. Moore persist in filing new cases based on his arrests for violating the PFA order, the court may consider imposing a prefiling injunction.